Dear Mr. Ronald L. Bowers, Administrator
You have asked for our opinion concerning the authority of a Property Tax Assessment Appeal Board ("PTAAB") to obtain a review of real property assessments within the geographical area served by the PTAAB.
In our opinion, a PTAAB may request the Director of the State Department of Assessments and Taxation ("SDAT") to conduct a review of an assessment of a property within jurisdiction of the PTAAB when the assessment relates to an appeal before the PTAAB. A PTAAB does not have authority to obtain a review of an assessment unrelated to an appeal.
 I Property Tax Assessment Appeal Boards
In each county and Baltimore City there is a PTAAB which serves as an administrative forum for appeals of real property assessments, as well as appeals of certain other tax-related matters.[1] Annotated Code of Maryland, Tax-Property Article ("TP"), §§ 3-102,3-107(a)(1). A PTAAB consists of three regular members and one alternate, all appointed by the Governor from a list of nominees submitted by local officials. TP § 3-103.
State law provides for three levels of administrative review of real property assessments. The initial appeal is to the local supervisor of assessments or the supervisor's designee. TP §§ 14 — 502, 14-503. An appeal of the final decision of the supervisor is made to the PTAAB in the jurisdiction where the property is located. TP § 14-509.[2]
The final administrative appeal is to the Maryland Tax Court. TP § 14-512. Judicial review is then available in the circuit court and Court of Special Appeals. TP §§ 14-513, 14-515. In each instance, appeals may be filed by a taxpayer or by a county, a municipal corporation, or the Attorney General.
 II PTAAB Authority to Request Review of Assessments
State law provides for a triennial review of real property assessments by SDAT. TP § 2-203(a)-(b). In addition, a PTAAB may also obtain a review of an assessment. The pertinent statute provides:
 On request of the [PTAAB] for the county in which the property is located, the Director shall order a review of any real property assessment.
TP § 2-203(c). You have asked about the circumstances under which a PTAAB may request that SDAT review an assessment pursuant to this statute.
The authority to request SDAT to undertake a review of an assessment, now codified in TP § 2-203(c), is a vestige of the property tax law as it existed before creation of the PTAABs. The precursor of TP § 2-203(c) was added to the property tax law in 1964, Chapter 18, Laws of Maryland 1964, codified in pertinent part at Annotated Code of Maryland, Article 81, § 232(8)(a) (1965 Repl. Vol.). It authorized the "final assessing authority for the county or city" in which property was located to obtain a review by SDAT upon request. At that time, the local "final assessing authority" — which could be the county commissioners, an appeal tax court, or other entity — played a broader role in the assessment process than the PTAABs do today. See Abramson v. Montgomery County, 328 Md. 721, 726-28, 616 A.2d 894 (1992) (describing history of property assessment appeals process in Maryland).
The property tax law in effect in 1964 provided that a board of county commissioners or an appeal tax court could "on their own motion" hold a hearing to review any assessment, even if an appeal had not been filed, "and to that end they may employ such technical advice and assistance as they may deem necessary or advisable under the circumstances." Article 81, § 255(d) (1965 Repl. Vol.).[3] Although there is scant legislative history available for the legislation that enacted former § 232(8)(a), the predecessor of TP § 2-203(c), it appears that the power to obtain a review of an assessment was designed to provide a final assessing authority with technical advice and assistance both to decide appeals and to carry out its independent authority to review assessments on its own motion under former § 255(d).
In 1973, the Legislature created the PTAABs, which assumed the appellate function performed by the "final assessing authority" in each jurisdiction under prior law. Chapter 734, Laws of Maryland 1973; see also 70 Opinions of the Attorney General 22, 23 (1985). However, as part of that legislation, the General Assembly specifically eliminated the authority previously possessed by the "final assessing authority" to review assessments on its own motion; it did not confer any similar authority on the PTAABs. During code revision, the revisors apparently noted that there were no longer "final assessing authority[ies]" in the counties other than the PTAABs and substituted a specific reference to PTAABs when former § 232(8)(a) was recodified as TP § 2-203(c). See Chapter 8, § 2, Laws of Maryland 1985, at p. 78 (Revisor's Note).[4]
In a 1985 opinion, this Office concluded that the power of a PTAAB is constrained by its quasi-judicial function. In that opinion, Attorney General Sachs reasoned that it would be inconsistent with a PTAAB's limited appellate function for it to increase an assessment without being requested to do so by a party to an appeal. 70 Opinions of the Attorney General 22 (1985). Thus, a PTAAB has no authority to increase an assessment "on its own initiative." Id. at pp. 26-27.[5]
Similarly, the authority conferred on a PTAAB by TP § 2 — 203(c) must be construed in light of the function of that entity. The PTAABs were created to provide a forum for independent administrative review of assessments. Their jurisdiction is limited to issues raised in the lower level of administrative review. 64 Opinions of the Attorney General 9 (1979). They do not otherwise play a role in the assessment process. Unlike a "final assessing authority" under prior law, they have no authority to review of assessments independent of an appeal filed by an appropriate party. We do not believe that, in allowing a PTAAB to request SDAT to review an assessment, the Legislature intended to confer indirectly a power it had explicitly declined to grant to PTAABs. Thus, in our opinion, a PTAAB's authority under TP § 2-203(c) to request SDAT to conduct a review is limited to an assessment related to an appeal.
 III Conclusion
For the reasons set forth above, it is our opinion that a PTAAB may request SDAT to conduct a review of an assessment of a property within the jurisdiction of the PTAAB when the assessment relates to an appeal before the PTAAB. A PTAAB does not have authority to obtain a review of an assessment unrelated to an appeal.
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] In addition to real property assessments, a PTAAB has jurisdiction over appeals concerning certain property tax credits, the value of agricultural land easements, and the rejection of applications for property tax exemptions. TP § 3-107(a)(2)-(7).
[2] There are some limitations on the power of a PTAAB to increase or reduce an assessment. While a PTAAB may increase an assessment beyond that proposed by the supervisor of assessments, it may only do so on motion of a party. 70 Opinions of the Attorney General 22, 23 (1985); see also TP § 1-402(9)(i) (prohibition against increase of assessment of residential property during a triennial period based on information developed at an appeal hearing). A PTAAB may reduce an assessment after the "date of finality" for a particular year only if the appeal was filed before that date. TP § 3-107(b)(1). In addition, it may not decrease an assessment between general reviews of an assessment in a district unless it consults with the assessment supervisor for the district. TP § 3 — 107(b)(2).
[3] That provision was added to the law in 1959 in the same legislation that created SDAT. Chapter 757, Laws of Maryland 1959.
[4] The PTAABs have also inherited a limited consultative role from their predecessor entities, apparently as a legislative after-thought. TP § 2 — 204(b) requires the Director of SDAT to consult with the governing body of a county or the local PTAAB before conducting a revaluation of a property whose assessment appears erroneous. Former Article 81, § 232(8)(b), the predecessor of TP § 2-204, authorized the Director of SDAT to order a reassessment of properties after consultation with the county commissioners or appeal tax court of a jurisdiction, or the Baltimore City board of municipal and zoning appeals, if the assessments appeared to be erroneous. That provision remained unchanged until 1973 when the PTAABs succeeded those entities as the second tier of the administrative appeal system. In 1979, the statute was amended to substitute the PTAABs for the former administrative bodies as a technical correction and, during code revision, the term "governing body" was substituted for county commissioners. Chapter 212, Laws of Maryland 1979; Chapter 8, § 2, Laws of Maryland 1985 at p. 79.
[5] The opinion referred to a PTAAB's authority under the predecessor of TP § 2-203(c) to obtain a review of an assessment, but did not analyze the circumstances in which that authority could be exercised. *Page 153